Opinion of the Court—Budge, J., Concurring Specially.

either in the brief or upon oral argument, and where no authorities are cited in support of said assignments of error, the same will not be considered or determined by this court.''

See also *State v. Lundhigh*, 30 Ida. 365, 377, 164 Pac. 690.

The argument contained in appellant's brief relates only to the weight of the evidence.

The judgment must be affirmed, and it is so ordered. Costs are awarded to respondent.

McCarthy, C. J., and William A. Lee, J., concur.

———

(May 24, 1924.)

E. H. SHERMAN, Respondent, v. S. M. NIXON, Appellant.

[226 Pac. 1117.]

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Action for conversion. Judgment for plaintiff. *Affirmed.*

Appellant S. M. Nixon, *pro se.*

Miller & Ricks, for Respondent.

McCARTHY, C. J.—Appellant has filed no brief. At the hearing he appeared in person but pointed out no error in the record. Nevertheless we have examined the record for fundamental error and find none. The judgment is affirmed, with costs to respondent.

William A. Lee, J., concurs.

BUDGE, J., Concurring Specially.—I concur in the conclusion reached but not upon the ground stated in the majority opinion. Appellant was represented by counsel in

the trial court but some time before the case came on for hearing in this court, under notice duly and regularly given, appellant's counsel withdrew but before withdrawing filed no brief. When the case was called for argument in this court, counsel for respondent made a motion that the judgment below be affirmed or the appeal be dismissed, for the reason that appellant had no standing in this court because of noncompliance with Rule 42, which provides, *inter alia,* that "Each party shall prepare and have printed an argument or brief of the points and authorities relied upon . . . . The brief of appellant shall also contain a distinct enumeration of the several errors relied upon. Briefs of both parties shall state the several propositions of law claimed to be involved in the case and the authorities relied upon for the support of the same separately from the argument. The points and authorities must be first distinctly stated and the argument set forth supplementary thereto. . . . . "

No brief having been filed by appellant containing a distinct enumeration of the several errors relied upon, he had no standing in this court and was not entitled to be heard. Respondent was not in a position, neither was he required to file a brief in the absence of one being served and filed by appellant. There being no brief on file by either of the parties to this cause, upon suggestion by respondent that the judgment be affirmed an order to that effect should be entered. At most, the court would do nothing more than examine the record for fundamental error.